UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DEREK SINCERE BLACK WOLF CRYER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO. 1:09-10238-PBS ) |
| MASSACHUSETTS DEPARTMENT OF CORRECTION, et al., | ) ) ) |
| Defendants. | ) ) ) |

**MEMORANDUM AND ORDER**

January 7, 2011

Saris, U.S.D.J.

Pro se Plaintiff Derek Sincere Wolf Cryer ("Cryer") has moved for clarification and reconsideration of this Court's Order entered November 22, 2010. Because plaintiff's new motion significantly scales back his requests for relief, the Court will vacate its order of dismissal. In addition, the Court adopts the Magistrate Judge's Report and Recommendations. Accordingly, I **DENY** in part both plaintiff's partial motion for summary judgment (Docket No. 70) and defendants' partial motion for summary judgment (Docket No. 75), and **ALLOW** in part defendants' motion.

I. BACKGROUND

Plaintiff seeks relief under the federal Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc

-1-

et seq. and under Massachusetts constitutional, statutory and regulatory law. Plaintiff is an inmate at the Souza-Baranowski Correctional Center in Shirley, Massachusetts and is a member of that facility's Native American spiritual group, referred to as the "circle." Plaintiff's complaint, at its core, seeks access to ceremonial tobacco to be used for religious purposes.

Both plaintiff and defendants moved for partial summary judgment in this case. Magistrate Judge Collings provided this Court with a comprehensive analysis of the issues in his Report and Recommendations (Docket No. 82). In the report, Magistrate Judge Collings noted the ambiguity among the Complaint and plaintiff's subsequent pleadings about the breadth of access to ceremonial tobacco that the plaintiff was seeking:

> A fair reading of Cryer's complaint suggests that Cryer contends that only unrestricted access to ceremonial tobacco will do: he suggests, for example, that he is unable to pray in his cell or elsewhere without access to ceremonial prayer tobacco, stating that "Plaintiff has been denied to Pray with Ceremonial Tobacco in the Mornings, Afternoons and Nights" . . . and he requests declaratory and injunctive relief permitting him "to Pray with Ceremonial Tobacco in the Mornings, Afternoon, and Nights" . . . . Cryer is less categorical in his response to the defendants' cross-motion for summary judgment [docket no. 77], in which he requests an accommodation allowing "Native Americans to use tobacco during the time the administration has already scheduled [Native American inmates] to meet in the south yard which is closed off to all other inmates."

Report and Recommendations at 6. Based on this ambiguity about the relief sought, the Magistrate Judge recommended that this

Court allow the defendants' motion for partial summary judgment under RLUIPA to the extent that the plaintiff seeks unrestricted access to ceremonial tobacco, but deny without prejudice to renewal to the extent that the plaintiff seeks access to ceremonial tobacco during the once-monthly smudging ceremony. Id. at 40.

Upon review, this Court adopted the legal analysis of the Magistrate Judge's Report and Recommendations and, finding that plaintiff had indicated "that he is not seeking access just during the smudging ceremony," dismissed the case.

## II. DISCUSSION

After the Court issued its order dismissing this case, Cryer filed a "Motion and Affidavit Seeking Relief from Final Judgment . . . Requesting Reinstatement, Reconsideration, Oral Argument, and Clarification. Plaintiff's motion made clear that Cryer read this Court's November 22, 2010 order as finding that he had not sought access to ceremonial tobacco in any form. The Court writes now to clarify that misconception.

The Complaint in this case appears to seek unrestricted access to ceremonial tobacco within a prison facility at all times and places. The Court agrees with the Magistrate Judge's analysis that such a broad request must result in an award of summary judgment to the defendants.

However, in his recent Motion, Cryer states that "I am

seeking access but also state that I'm not seeking UNLIMITED access, UNRESTRICTED access or UNFETTERED access." (See Docket No. 94.) Based on this statement, which significantly limits the relief originally sought by plaintiff in his complaint, the Court agrees that dismissal of the case in its entirety is not the appropriate course of action.

### III. ORDER

Given the modification of plaintiff's request for relief, the Court adopts the Report and Recommendation in full. Accordingly, the Court:

1. **ALLOWS** the defendants' Motion for Summary Judgment under the RLUIPA to the extent that the plaintiff seeks unrestricted access to ceremonial tobacco, but **DENIES** the motion without prejudice to renewal to the extent that the plaintiff seeks access to ceremonial tobacco during the once-monthly smudging ceremony.

2. **ALLOWS** the defendants' Motion for Summary Judgment on the plaintiff's challenge to the DOC policy with respect to claims brought under the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment.

3. **ALLOWS** the defendants' Motion for Summary Judgment on the plaintiff's First Amendment challenge to the DOC policy with respect to official capacity claims for money damages, but **DENIES** the motion with respect to claims for declaratory and injunctive relief to the extent that the plaintiff seeks access to

-4-

ceremonial tobacco during the once-monthly smudging ceremony. The Court **ALLOWS** defendants' motion on the First Amendment claim on qualified immunity grounds.

4. **DENIES** the plaintiff's Motion for Partial Summary Judgment on the plaintiff's state law claims under Mass. Gen. L. Ch. 22(c)(8) and Mass. Gen. L. Ch. 30A. The Court **ALLOWS** defendants' motion on these claims.

5. **ALLOWS** the defendants' Motion for Summary Judgment under the Massachusetts Civil Rights Act, Mass. Gen. L. Ch. 12, §§ 11(H) & 11(I).

6. **ALLOWS** the defendants' Motion for Summary Judgment in part under Art. 2 of the Massachusetts Declaration of Rights to the extent that the plaintiff seeks unlimited access to ceremonial tobacco, but **DENIES** to the motion to the extent that the plaintiff seeks access to ceremonial tobacco during the once-monthly smudging ceremony.

7. **ALLOWS** the defendants' Motion for Summary Judgment in part under Mass. Gen. L. Ch. 127, § 88, to the extent that the plaintiff seeks unlimited access to ceremonial tobacco, but **DENIES** to the motion to the extent that the plaintiff seeks access to ceremonial tobacco during the once-monthly smudging ceremony.

8. **ALLOWS** the defendants' Motion for Summary Judgment under the Massachusetts Tort Claims Act, Mass. Gen. L. Ch. 258, § 4, to the

extent that Cryer seeks to sue the Commonwealth and the individual defendants in their official capacity.

9. **ALLOWS** the defendants' Motion for Summary Judgment under 103 C.M.R. 471 and 103 C.M.R. 403.10(9), to the extent that the plaintiff seeks monetary damages under the regulations.

                                           /s/ Patti B. Saris
                                           PATTI B. SARIS
                                           United States District Judge