UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEREK SINCERE BLACK WOLF CRYER,<br>    Plaintiff,<br><br>    v.<br><br>MASSACHUSETTS DEPARTMENT OF CORRECTION, ET AL.,<br>    Defendants. | C.A. No. 09-10238-PBS |

# MEMORANDUM AND ORDER

Collings, U.S.M.J.

## BACKGROUND

Now before this Court is plaintiff Derek Sincere Black Wolf Cryer's ("Cryer") Motion for Transcripts or Cassette Tapes (Docket No. 159). In his motion, Cryer seeks transcripts or recordings of the conferences held before me on September 9, 2009 (initial scheduling conference), November 23, 2009 (status conference), February 8, 2011 (status conference), and July 12, 2011 (status conference).

Cryer does not set forth any argument showing he is entitled to free transcripts or recordings; however, this Court presumes that he seeks to have them provided free of charge (or rather, at government expense) because he is an indigent prisoner who previously has been permitted to

proceed *in forma pauperis*.  Additionally, Cryer fails to set forth any grounds showing the need for these transcripts or recordings; however, this Court presumes that he makes this request in order to respond to the defendants' Motion for Summary Judgment on the Remaining Claims (Docket No. 137) and/or the defendants' Motion to Strike Plaintiff's Affidavit and Exhibits Submitted in Support of Opposition to Defendants' Motion for Summary Judgment (Docket No. 152), insofar as these two motions are the only motions pending.[1]

## DISCUSSION

As an initial matter, the docket reflects that each of the conferences that are the subject of the motion were digitally recorded in lieu of stenographic reporting by an official court reporter.  See Digital Recordings 11:29-11:57; 14:08-15:08; 14:09-14:44; and 14:22-14:37.  Thus, there do not exist any readily available transcripts to be provided to Cryer.

Next, with respect to the copying and/or transcription of the digital tapes of the conferences, this Court notes that the federal district courts have a policy regarding the fees and processing for orders transcripts and tapes on electronic media.  This policy provides, in relevant part, that:

---

[1]These two motions have been referred to me and are under advisement.

> Upon request, the court may reproduce tapes or compact disks on its own duplicating equipment or on commercial equipment and **may sell copies of electronic sound recording tapes and CD's made as the official record to the public at the prevailing rate prescribed by the miscellaneous fee schedule in effect.** Orders for tape copies should be submitted to the clerk's office on Form AO 436 (CD/Tape Order).[2]

Guide to Judiciary Policy, Volume 6: Court Reporting, Chapter 3, § 380 (Ordering Transcripts and Tapes on Electronic Media); § 380.10(a)(Sale of CD's and Tapes)(emphasis in bold added).[3] See § 350.40(e) (Responsibilities of the Clerk of Court)(providing that the Clerk of Court is responsible for "[r]eproducing audio recordings and making them available as required by law, at the rates prescribed by the Judicial Conference").[4]

---

[2] See Form AO 436 attached to this Memorandum and Order.

[3] "The Guide to Judiciary Policy is a repository of the federal judiciary's administrative policies, as determined by the Judicial Conference of the United States or the Director of the Administrative Office, or as mandated by statute or other legal requirement." Guide to Judiciary Policy, Volume 1: Governance and Authorities, Chapter 1, § 110 (Purpose). There are other provisions concerning the transcription of digital audio recordings, the transcription providers, and for the certification of the transcript, none of which are germane to the issues presented here.

[4] In this Court, the arrangements for making a CD from the digital recordings and/or for arranging for a transcription service to make a transcript of the digital recordings is done by the Court Reporter Supervisor in the District Court Clerk's Office. The cost is as follows. For the making of a CD of the digital recordings: $30.00 per CD (one CD generally can fit all hearings). For transcription, the cost varies depending upon the time-frame for production: $3.65 per page if produced in 30 days; $4.25 per page if produced in 14 days; $4.85 per page if produced in 7 days; and $6.05 per page if produced next day).

In short, Cryer seeks to circumvent payment for the costs of reproducing the digital recordings and/or for the cost of making transcripts; however, as noted above, he fails to set forth any basis for this Court to find that ordering the government to bear such costs is either warranted or authorized. The mere fact that Cryer is proceeding *in forma pauperis* is <u>not</u> sufficient. His indigency only bears on his eligibility for a waiver of the <u>filing</u> <u>fee</u> under the Prison Litigation Reform Act. It does not, however, follow that because he is proceeding *in forma pauperis* he is entitled to free copies of transcripts or recordings.

Indeed, section 1915(c)of Title 28 provides the limited circumstances in which a litigant may obtain transcript and printing expenses at the government's expense. This section provides that:

> the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court; (2) preparing a transcript of proceedings before a United States magistrate judge in any civil or criminal case, **if such transcript is required by the district court,** in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18 United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Court.

28 U.S.C. § 1915(c)(emphasis in bold added).

In this case, the transcripts or recordings that Cryer seeks are not needed for an appeal. See id. §§ 1915(c)(1) and (3). Moreover, at least at this juncture, the transcripts or recordings of the various scheduling and status conferences are not "required by the district court." See id. § 1915(c)(2). Further, upon review of the record as a whole, and particularly the Electronic Clerk's Notes for each of the conferences referenced by Cryer, this Court does not consider it imperative that he receive free recordings or transcripts, particularly where Cryer has already filed Oppositions and a Reply to the defendants' two pending motions, and where the deadline for briefing the issues has expired.[5]

As an additional matter, as part of the evaluation of Cryer's motion, this Court has considered the fact that, had he elected to continue prosecution of this action through Court-appointed *pro bono* counsel at

---

[5]See Opposition (Docket Nos. 146, 150, 154) and Reply (Docket No. 157). On November 17, 2011, this Court entered an Electronic Order directing that Oppositions to the two motions be filed on or before the close of business on December 12, 2011. On November 21, 2011, Cryer filed a Reply to the Response to the Motion for Summary Judgment on the Remaining Claims (Docket No. 157). Since then, no further briefing has been filed, and the deadline for filing has expired. In light of this, Cryer cannot demonstrate good cause why the transcripts or recordings are needed at this time.

Holland & Knight, LLP, it may have been possible for counsel to obtain the CD and/or transcriptions of the digital recordings by fronting the costs and applying for reimbursement (or seeking advance payment from the Court) for those costs through the District Court's Pro Bono Plan. Nevertheless, the Reimbursement Plan incorporated into the District Court's Pro Bono Plan was <u>not</u> intended as a means to defray costs for *pro se* litigants. Rather, the Reimbursement Plan's purpose is to encourage attorneys, including sole practitioners and newly-admitted attorneys, to accept *pro bono* appointments without having to incur substantial expenses in the process of volunteering their legal skills.[6] Thus, use of funds that have been designated for the purpose of ameliorating costs incurred by *pro bono* counsel, is not appropriate in *pro se* cases.

In sum, Cryer fails to demonstrate any basis to grant the requested relief. Should Cryer seek to obtain CD recordings of conferences and/or transcriptions of the digital recordings, he must file a Form AO 436

---

[6]<u>See</u> the United States District Court District of Massachusetts Plan for the Appointment of Counsel for Indigent Parties in Certain Civil Cases (May 1, 2009) ("The objective of this Plan for the Appointment of Counsel for Indigent Parties in Certain Civil Cases (Plan) is to facilitate the appointment of pro bono counsel .... A principal objective of the Plan is to maximize each participating law firm's ability voluntarily to choose cases appropriate for that firm...."). <u>See</u> also Plan, para. VI (Expenses and Compensation for Services) ("Appointed counsel may apply for reimbursement of expenses from the Court in accordance with the Court's Guidelines Governing the Reimbursement of Expenses in Pro Bono Cases.").

(CD/Tape Order) and pay the attendant fees for such services.

## **CONCLUSION**

Based on all of the foregoing, Cryer's Motion for Transcripts or Cassette Tapes (Docket No. 159) is <u>DENIED</u>.

SO ORDERED.

        <u>*/s/ Robert B. Collings*</u>
        ROBERT B. COLLINGS
        United States Magistrate Judge

DATED:  February 8, 2012

| AO 436 (Rev. 12/04) | Administrative Office of the United States Courts | | |
|---|---|---|---|
| *Read Instructions on Next Page.* | **CD/ TAPE ORDER** | | |

| 1. NAME | | 2. PHONE NUMBER | 3. DATE | |
|---|---|---|---|---|
| 4. MAILING ADDRESS | | 5. CITY | 6. STATE | 7. ZIP CODE |
| 8. CASE NUMBER | 9. CASE NAME | DATES OF PROCEEDINGS | | |
| | | 10. FROM | 11. TO | |
| 12. PRESIDING JUDGE | | LOCATION OF PROCEEDINGS | | |
| | | 13. CITY | 14. STATE | |

15. ORDER FOR

| ☐ APPEAL | ☐ CRIMINAL | ☐ CRIMINAL JUSTICE ACT | ☐ BANKRUPTCY |
|---|---|---|---|
| ☐ NON-APPEAL | ☐ CIVIL | ☐ IN FORMA PAUPERIS | ☐ OTHER (Specify) |

16. TAPE REQUESTED (Specify portion(s) and date(s) of proceeding(s) for which duplicate cd/tape(s) are requested.)

| PORTION(S) | DATE(S) | PORTION(S) | DATE(S) |
|---|---|---|---|
| ☐ VOIR DIRE | | ☐ TESTIMONY (Specify Witness) | |
| ☐ OPENING STATEMENT (Plaintiff) | | | |
| ☐ OPENING STATEMENT (Defendant) | | | |
| ☐ CLOSING ARGUMENT (Plaintiff) | | ☐ PRE-TRIAL PROCEEDING (Spcy) | |
| ☐ CLOSING ARGUMENT (Defendant) | | | |
| ☐ OPINION OF COURT | | | |
| ☐ JURY INSTRUCTIONS | | ☐ OTHER (Specify) | |
| ☐ SENTENCING | | | |
| ☐ BAIL HEARING | | | |

17. ORDER

| | NO. OF COPIES REQUESTED | COSTS |
|---|---|---|
| ☐ REFORMATTED DUPLICATE TAPE(S) FOR PLAYBACK ON A STANDARD CASSETTE RECORDER AT 1-7/8 INCHES PER SECOND | | |
| ☐ UNREFORMATTED DUPLICATE TAPE(S) FOR PLAYBACK ON A 4-TRACK CASSETTE RECORDER AT 1-7/8 INCHES PER SECOND | | |
| ☐ UNREFORMATTED DUPLICATE TAPE(S) FOR PLAYBACK ON A 4-TRACK CASSETTE RECORDER AT 15/16 INCHES PER SECOND | | |
| ☐ RECORDABLE COMPACT DISC - CD | | |
| CERTIFICATION (18. & 19.) By signing below, I certify that I will pay all charges (deposit plus additional) upon completion of the order. | ESTIMATE TOTAL | |
| 18. SIGNATURE | 19. DATE | |

| PROCESSED BY | | | PHONE NUMBER | |
|---|---|---|---|---|
| | DATE | BY | | |
| ORDER RECEIVED | | | DEPOSIT PAID | |
| DEPOSIT PAID | | | TOTAL CHARGES | |
| TAPE / CD DUPLICATED | | | LESS DEPOSIT | |
| ORDERING PARTY NOTIFIED TO PICK UP TAPE | | | TOTAL REFUNDED | |
| PARTY RECEIVED TAPE / CD | | | TOTAL DUE | |

# INSTRUCTIONS
## GENERAL

**Use.** Use this form to order duplicate CD's/Tapes of proceedings. Complete a separate order form for each case number for which CD's/Tapes are ordered.

**Completion.** Complete Items 1-19. Do *not* complete shaded areas which are reserved for the court's use.

**Order Copy.** Keep a copy for your records.

**Mailing or Delivering to the Court.** Mail or deliver two copies to the Office of the Clerk of Court.

**Deposit Fee.** For orders of 20 or more tapes, the court will notify you of the amount of the required deposit fee which may be mailed or delivered to the court. Upon receipt of the deposit, the court will process the order.

**Delivery Time.** Delivery time is computed from the date of receipt of the deposit fee (if requested, otherwise computed from the court's receipt date).

**Completion of Order.** The court will notify you when the CD's/Tapes are completed.

**Balance Due.** If the deposit fee was insufficient to cover all charges, the court will notify you of the balance due which must be paid prior to receiving the completed order.

## SPECIFIC

Items 1-19.   These items should always be completed.

Item 8.   Only one case number may be listed per order.

Item 15.   Place an "X" in each box that applies.

Item 16.   Check specific portion(s) and list specific date(s) of the proceedings for which a copy is requested.

Item 17.   Place an "X" in each box that applies. Indicate the number of additional copies ordered.

Item 18.   Sign in this space to certify that you will pay all charges upon completion of the order. (This includes the deposit plus any additional charges.)

Item 19.   Enter the date of signing.

Shaded Area.   Reserved for the court's use.